NO. 07-06-0434-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 19, 2007

_____

GABRIEL PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408866; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following an open plea of guilty, Appellant, Gabriel Perez was convicted of possession of a controlled substance with intent to deliver and sentenced to sixty years confinement. Maxwell C. Peck, III was appointed on October 12, 2006, to represent Appellant in prosecuting this appeal, and the notice of appeal was timely filed on October

17, 2006. The clerk's record was filed on January 26, 2007, and a supplemental clerk's record was filed on April 13, 2007. The reporter's record consisting of the master index, plea hearing, punishment and sentencing hearing, and an exhibit volume were filed on February 5, 2007. Appellant's brief was initially due on March 7, 2007.

On March 14, 2007, counsel filed a motion for extension of time in which to file Appellant's brief indicating trial preparation in a capital murder case left him "unable to prepare and adequately finalize [sic] brief." The motion was granted to April 6, 2007.

On April 9, 2007, counsel filed a second motion for extension of time in which to file Appellant's brief. As good cause, counsel explained that upon reviewing the clerk's and reporter's record, they were incomplete and required supplementation. Counsel included copies of letters to the Lubbock County District Clerk requesting inclusion of pretrial motions and to the court reporter requesting preparation of two pretrial hearings. The motion was granted to May 10, 2007.

Meanwhile, on May 1, 2007, a supplemental reporter's record was filed consisting of one and one-half pages of discussion between the trial court, prosecutor, and trial counsel on when to set a hearing date on pretrial motions.

A third motion for extension of time was filed on May 15, 2007, indicating that the court reporter had not yet prepared the supplemental reporter's record as requested on April 9, 2007. This Court granted the motion to May 23, 2007. A supplemental reporter's

2

record of a motion to suppress hearing was filed on May 29, 2007.  The record consists of eighty-nine pages.

On June 14, 2007, this Court granted a fourth motion for extension of time based on counsel's assertion that he would be out of town on vacation from June 7, 2007, through June 25, 2007, and his explanation that he would be unable to adequately prepare and finalize the brief.  The motion was granted with the following admonition:

> **[n]o further extensions will be granted.**  If Appellant's brief is not filed by July 11, 2007, this matter *will be abated and remanded* to the trial court to determine whether counsel should be removed and substitute counsel appointed (italicized emphasis added).

Pending before this Court is a fifth motion filed on July 16, 2007, together with Appellant's brief by which counsel requests that this Court consider the brief timely filed when received for the following reason:

> [t]he brief was not completed until July 13, 2007; Despite Appellant's counsel's diligent effort to complete Appellant's Brief prior to July 11, 2007, he was unable to do so.

By the brief, counsel raises two issues, to-wit: (1) whether the trial court erred in denying Appellant's motion to suppress his arrest and search as violative of the 4th, 9th, and 14th amendments of the United States Constitution and Article 1, §§ 9, 10, and 19 of the Constitution of the State of Texas, and (2) whether the trial court erred in denying Appellant's motion to suppress all statements made by him where such statements were

3

made as a result of an illegal arrest. Counsel then presents argument in three pages and five lines of a fourth page.

By order of the Court, Appellant's Fifth *Motion to File Brief When Received* is denied and the brief is not accepted for filing. We now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall utilize whatever means necessary to determine the following:

1. whether Appellant desires to prosecute the appeal;
2. whether Appellant is indigent;
3. whether counsel for Appellant has either effectively abandoned the appeal or provided ineffective assistance of counsel given his failure to timely file the brief after four extensions of time; and
4. whether Appellant has been denied effective assistance of counsel given counsel's untimely filed brief.

Should it be determined that Appellant does want to continue the appeal and the court determines that present counsel should be replaced, the name, address, telephone number, and state bar number of the newly-appointed counsel shall be provided to the Clerk of this Court. Finally, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record. A supplemental record of the hearing, if any, shall also be included in the appellate record.

4

Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by August 10, 2007 .

It is so ordered.

Per Curiam

Do not publish.